LAW OFFICE OF

# BENJAMIN M. DEL VENTO

A PROFESSIONAL CORPORATION

BENJAMIN M. DEL VENTO
MAURICE J. DONOVAN *
BENJAMIN M. DEL VENTO, JR.**
MATTHEW D. DEL VENTO

405 Northfield Avenue
Suite LL-1
West Orange, NJ 07052-3087

(973) 736-8050
FAX (973) 736-9881

*CERTIFIED BY THE SUPREME COURT OF NEW JERSEY
AS A CIVIL TRIAL ATTORNEY
** ADMITTED TO THE NEW YORK & NEW JERSEY BARS

March 9, 2007

Document Electronically Filed

Office of the Clerk - United States District Court
Martin Luther King Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

**RE:   ANNA MODICA V. THE HOME DEPOT**
**        DOCKET NO. 06-CV-5307 (DRD-ES)**

Dear Sir:

    This office represents the plaintiff in the above referenced matter.  In furtherance of a
telephone conference with the Honorable Esther Salas, U.S.M.J., I am electronically filing
herewith the following:

* •     Notice of Motion for Remand to State Court
* •     Certification of Counsel
* •     Proposed Form of Order

    Thank you for your kind attention to this matter.

                            Respectfully yours,

                            s/ Maurice J Donovan
                            By:   **MAURICE J. DONOVAN (MJD 9387)**

MJD/m
c       Hon. Esther Salas, USMJ   (Via Electronic Filing)
        Robert M. Gilmartin, Jr., Esq.  (Via Electronic Filing)

**BENJAMIN M. DEL VENTO**
A PROFESSIONAL CORPORATION
405 Northfield Avenue
West Orange, N.J. 07052-3087
(973) 736-8050
Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY
Civil Action

-------------------------------------------------------------------------

| | |
|---|---|
| **PLAINTIFF** | : |
| ANNA MODICA and SANTO | : CIVIL ACTION #: 2:06-CV-05307 |
| MODICA | : DRD-ES |
| vs. | : |
| | : |
| **DEFENDANT(S)** | : |
| | : **Document Electronically Filed** |
| THE HOME DEPOT, et, al. | : |
| | : |

-------------------------------------------------------------------------

## NOTICE OF MOTION FOR REMAND TO STATE COURT

-------------------------------------------------------------------------

TO:   Robert M.Gilmartin, Jr., Esq.
      Sedgwick, Detert, Moran & Arnold, LLP
      3 Gateway Center - 100 Mulberry Street - 12th Floor
      Newark, NJ 07102
      Attorneys for Defendant, Home Depot

SIRS:

**PLEASE TAKE NOTICE**, that on a date to be set by the Court, the undersigned

attorney for the Plaintiffs, Anna Modica and Santo Modica, shall apply to the United

States District Court for the District of New Jersey  before the Honorable Esther Salas,

United States Magistrate Judge, for an Order rescinding the Removal of the above captioned action to the Federal District Court from State Court and remanding the matter back to the Superior Court of New Jersey, Law Division for the County of Essex.

**PLEASE TAKE FURTHER NOTICE**, that in support of such Motion, the undersigned will rely upon the Certification of Counsel annexed hereto.

> LAW OFFICES OF
> **BENJAMIN M. DEL VENTO, P.C.**
> **405 Northfield Avenue**
> **West Orange, NJ 07052**
> **973 736-8050**
> **Attorneys for Plaintiffs**
>
> s/ Maurice J Donovan
> By:   MAURICE J. DONOVAN (MJD 9387)

Dated: March 9, 2007

## CERTIFICATION

**I certify** that true copies of this Notice of Motion, supporting Certification and Proposed Form of Order was served on the following persons in the manner and date set forth.

> Office of the Clerk
> United States District Court for the District of New Jersey
> Martin Luther King Jr. Federal Building & U.S. Courthouse
> 50 Walnut Street
> Newark, NJ 07102
> (Electronically filed on March 9, 2007)
>
> Honorable Esther Salas, U.S.M.J.
> United States Post Office & Courthouse Bldg.
> Room 477

P.O. Box 999
Newark, NJ 07102
(Electronically Served on March 9, 2007)

Robert M.Gilmartin, Jr., Esq.
Sedgwick, Detert, Moran & Arnold, LLP
3 Gateway Center - 100 Mulberry Street - 12th Floor
Newark, NJ 07102
Attorneys for Defendant, Home Depot
(Electronically Served on March 9, 2007)

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

LAW OFFICES OF
BENJAMIN M. DEL VENTO, P.C.

s/ Maurice J Donovan   (MJD 9387)
By:   MAURICE J. DONOVAN)

Dated: March 8, 2007

**BENJAMIN M. DEL VENTO**
A PROFESSIONAL CORPORATION
405 Northfield Avenue
West Orange, N.J. 07052-3087
(973) 736-8050
Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY
Civil Action

| | |
|---|---|
| **PLAINTIFF** | : |
| ANNA MODICA and SANTO | : CIVIL ACTION #: 2:06-CV-05307 |
| MODICA | : DRD-ES |
| | : |
| vs. | : |
| | : |
| **DEFENDANT(S)** | : **Document Electronically Filed** |
| | : |
| THE HOME DEPOT, et, al. | : |

### CERTIFICATION OF COUNSEL

**MAURICE J. DONOVAN,** does hereby certify as follows:

1.      I am an Attorney at Law of the State of New Jersey, member of the firm of Benjamin

M. DelVento, P.C., attorneys for plaintiffs, ANNA MODICA and SANTO MODICA, in the above

captioned matter. I am fully familiar with this case and the facts which are contained herein. I make

this Certification in support of a Notice of Motion to for remand of this matter back to the state court

pursuant to 28 U.S.C.A. §1441 (c)

2.      This is a personal injury action arising from a fall by plaintiff, Anna Modica on June

23, 2004.  At that time, plaintiff rented a carpet cleaning machine from defendant Home Depot.

The carpet cleaning machine was defective in that it leaked water onto the floor which caused

plaintiff to fall.   As a result of such fall she sustained injuries for which she seeks compensatory

damages.

3.     A complaint was filed in the Superior Court of New Jersey, Law Division for the County of Essex on June 22, 2006 and filed under Docket No. ESX-L-5744-06.

4.     A Notice of Removal was filed by the defendant on November 9, 2006 resulting in removal to this Court.     The defendant's Notice of Removal was predicated on the diversity jurisdiction of this court and asserted that the amount in controversy was in excess of the $75,000.00 jurisdictional amount.  The defendant's sole appraisal of the amount in controversy was a pro forma Demand for Damages received from plaintiff which initially demanded damages in the amount of $1,000,000.00.

5.     Upon receipt of the defendant's Notice of Removal, plaintiff served upon the defendant an Offer for Judgment [Exhibit A] wherein plaintiff advised the defendant that plaintiff was willing to accept the amount of $74,999.00 in full and final settlement of all claim.  Such offer of Judgment established an amount in controversy less then the $75,000.00 jurisdictional limitation of this court.    No other claim to establish the jurisdiction in the Federal Court has been advanced by the defendant.   State law predominates in this personal injury action.   As such this court no longer has jurisdiction pursuant to 28 U.S.C.§1441 and remand is required.

6.     It is well settled that federal courts may not decided a case without subject matter jurisdiction.  *US v. Tittjung,* 235 F 3rd 330, 335 (7th Cir 2000).   It is the duty of the district court, with or without a motion to remand a suit whenever it appears that the suit does not really and substantially involve a controversy of which the court has jurisdiction. 28 U.S.C.A. §80; *Girand v. Kimbell Milling Co.,* 116 F.2d 999, (5th Cir 1941)  A remand back to state court under these circumstances is mandated.

7.     Further, because the defendant has the burden of showing by a preponderance of

the evidence that the amount in controversy satisfies the federal jurisdictional minimum, *(See, Walker Petroleum v. CSX Transp, Inc.,* 2001 U.S. Dist LEXIS 1187 (USDA, S D Ala 2001), referencing *Tapscott v. MS Dealer Service Corp., 77 F 3d 1353, 1357 (11th Cir 1996) )* the defendant must now come forth with proofs establishing that the plaintiff's damages are in excess of $75,000.00.  As plaintiff has already agreed to accept $74,999.00 in full settlement of all claim, it is unlikely that the defendant's evaluation will exceed such amount.  If the defendant thought the case was worth more than $75,000.00 the defendant need only tender such an offer and the case would be settled.   Since this has not occurred, defendant cannot in good faith argue that the case has a greater value just to establish jurisdiction.

8.      For the foregoing reasons, it is respectfully submitted that remand back to state court is mandated.

s/ **Maurice J Donovan   (MJD 9387)**
By:   **MAURICE J. DONOVAN)**

Dated: March 9, 2007

# EXHIBIT A

LAW OFFICE OF

# BENJAMIN M. DEL VENTO

A PROFESSIONAL CORPORATION

BENJAMIN M. DEL VENTO
MAURICE J. DONOVAN *
BENJAMIN M. DEL VENTO, JR.**
MATTHEW D. DEL VENTO

*CERTIFIED BY THE SUPREME COURT OF NEW JERSEY
AS A CIVIL TRIAL ATTORNEY
** ADMITTED TO THE NEW YORK & NEW JERSEY BARS

405 Northfield Avenue
Suite LL-1
West Orange, NJ 07052-3087

(973) 736-8050
FAX (973) 736-9881

December 15, 2006

Robert M. Gilmartin, Jr., Esq.
Sedgwick, Detert, Moran & Arnold
Three Gateway Center
Newark, NJ 07102

**RE:   ANNA MODICA V. THE HOME DEPOT
DOCKET NO. ESX-L- 5744-06**

Dear Mr. Gilmartin:

Enclosed please find Offer for Judgment in the above matter.  Kindly withdrawn your motion for removal currently pending before the Federal Court.

Thank you for your courtesies.

Very truly yours,

**BENJAMIN M. DEL VENTO**

BDV:mp
Enc.

**BENJAMIN M. DEL VENTO**
A PROFESSIONAL CORPORATION
405 Northfield Avenue
West Orange, N.J. 07052-3087
(201) 736-8050
Attorneys for Plaintiff(s)

| | |
|---|---|
| **PLAINTIFF(S)**<br>ANNA MODICA and SANTO MODICA | : SUPERIOR COURT OF NEW JERSEY<br>: LAW DIVISION - ESSEX COUNTY<br>: |
| vs. | : |
| | : DOCKET NO.: ESX-L-5744-06 |
| **DEFENDANT(S)**<br>THE HOME DEPOT and JOHN DOE A<br>to Z, individually,  jointly and/or severally | :<br>:                    *Civil Action*<br>:<br>: |

## OFFER FOR JUDGMENT

TO:    Robert M. Gilmartin, Jr., Esq.
       Sedgwick, Detert, Moran & Arnold, LLP
       Three Gateway Center
       Newark, New Jersey 07102

Please take notice that pursuant to R.4:58-1, Plaintiffs, Anna Modica and Santo Modica,

herein offer to take judgment against the Defendant, The Home Depot, in the amount of

$74,999.00.   This offer will be deemed withdrawn unless accepted on or prior to the tenth day

before the first scheduled trial date or daily or weekly call, whichever is earliest, or within ninety

days of service, whichever period first expires.  In the event that this offer is not accepted, the

Plaintiff will apply to the Court for costs of suit, interest and reasonable attorney's fee as

provided by R.4:48-2.

                                        BENJAMIN M. DEL VENTO

DATED: *12/15/06*                       By:
                                            MAURICE J. DONOVAN
                                            Attorney for Plaintiffs

**BENJAMIN M. DEL VENTO**
A PROFESSIONAL CORPORATION
405 Northfield Avenue
West Orange, N.J. 07052-3087
(973) 736-8050
Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY
Civil Action

------------------------------------------------------------------------------------

| | |
|---|---|
| **PLAINTIFF** | : |
| ANNA MODICA and SANTO MODICA | : CIVIL ACTION #: 2:06-CV-05307 |
| | :                DRD-ES |
| vs. | : |
| | : |
| **DEFENDANT(S)** | : |
| | :   **Document Electronically Filed** |
| THE HOME DEPOT, et, al. | : |

------------------------------------------------------------------------------------
### ORDER FOR REMAND
------------------------------------------------------------------------------------

**THIS MATTER,** having come before the Court on the Motion of plaintiffs Anna

Modica and Santo Modica for a Order remanding this matter back to the Superior Court of

New Jersey, Law Division for the County of Essex pursuant to 28 U.S.C.A. §1441 ( c ) and the

Court having considered the submissions of all parties in support of this application and in

opposition thereto; and for good cause shown:

**IT IS** on the         day of            2007,

**ORDERED** that the above captioned matter be and is hereby remanded to the Superior

Court of New Jersey, Law Division for the County of Essex.

_____

HON. ESTHER SALAS, U.S.M.J.