NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

ANNA MODICA and SANTO MODICA,

        Plaintiffs,

    v.

THE HOME DEPOT and JOHN DOE A to Z, individually, jointly and/or severally,

        Defendants.

Civ. No. 06-5307 (DRD)

**O P I N I O N**

---

LAW OFFICES OF BENJAMIN M. DEL VENTO, P.C.
Maurice J. Donovan, Esq.
405 Northfield Avenue
West Orange, New Jersey 07052

*Attorneys for Plaintiffs Anna Modica and Santo Modica*

SEDGWICK, DETERT, MORAN & ARNOLD LLP
Robert M. Gilmartin, Esq.
Three Gateway Center, 12th Floor
Newark, New Jersey 07102

*Attorney for Defendant Home Depot U.S.A., Inc.*

**DEBEVOISE, Senior District Judge**

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs Anna Modica and Santo Modica ("Plaintiffs"), citizens of the State of New Jersey, filed the complaint in this action on June 22, 2006 in the Superior Court of New Jersey,

Law Division, Essex County (the "Complaint").  In the Complaint, Plaintiffs allege that defendants, Home Depot U.S.A., Inc.[1] ("Home Depot"), a Delaware corporation with its principal place of business in Georgia, and John Doe A to Z (collectively, "Defendants") "negligently owned, possessed and/or negligently maintained" a carpet cleaning machine, which caused serious and permanent injury to plaintiff, Anna Modica.  (Compl. ¶¶ 4-5).  Additionally, plaintiff, Santo Modica, as spouse of Anna Modica, seeks damages for the "treatment and cure" of Ms. Modica and for the loss of "society, services and consortium thereof."  (Compl. ¶¶ 7-8). The Complaint does not specify an amount of damages.

On October 5, 2006, in response to Home Depot's demand for a statement of damages, Plaintiffs' counsel provided a statement of damages in the amount of $1,000,000.00 (the "Statement of Damages").  On November 3, 2006, Home Depot filed a notice of removal to this court pursuant to 28 U.S.C. § 1332(a).  By letter dated December 15, 2006, Plaintiffs served Home Depot with an offer of judgment for $74,999.00, pursuant to New Jersey Rules of Court, R. 44:58-1 (the "Offer of Judgment").  Plaintiffs now move for an order remanding the action to the Superior Court of New Jersey, arguing that the amount in controversy is less than the $75,000.00 jurisdictional limitation of this court.[2] [3]  For the reasons stated below, Plaintiffs' motion will be denied.

---

[1] Defendant, Home Depot U.S.A., Inc., states that it was improperly pleaded as The Home Depot.

[2] Home Depot states that it is willing to consent to remand to State court on the condition that Plaintiffs stipulate that their damages do not exceed $75,000.

[3] Plaintiffs do not contest that there is complete diversity.

## II.  DISCUSSION

Pursuant to 28 U.S.C. § 1332(a), district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between– (1) citizens of different states."  Removal jurisdiction of the federal courts likewise is derived from statutory authorization.  Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ."  28 U.S.C. § 1332(c).

Pursuant to 28 U.S.C. § 1446(b), a notice of removal must be filed within thirty days after the defendant has received the complaint.  However,

> [i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or <u>other paper</u> from which it may be first ascertained that the case is one which is or has become removable . . . .

28 U.S.C. § 1446(b) (emphasis added).  A statement of damages constitutes "other paper" from which a defendant could first ascertain that a case was removable.  <u>Vartanian v. Terzian</u>, 960 F. Supp. 58, 62 (D.N.J. 1997).

If an action was improperly removed due to lack of federal jurisdiction, then the matter may be remanded to state court pursuant to 28 U.S.C. § 1447.  Under § 1447(c), "[a] motion to remand the case on the basis of any defect <u>other than lack of subject matter jurisdiction</u> must be

3

made within 30 days after the filing of the notice of removal . . . ." 28 U.S.C. §1447(c) (emphasis added). The 30-day limit does not apply to jurisdictional defects, such as a failure to satisfy the amount in controversy requirement. Caterpillar, Inc. v. Lewis, 519 U.S. 61, 62 (1996).

As the party invoking federal jurisdiction, the defendant bears the burden of demonstrating that jurisdiction exists. Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). "Jurisdiction attaches at the time of removal and cannot be defeated by subsequent events or amendments to the complaint." Serrano v. Hui Min Yang, No. Civ. A. 05-1852, 2005 WL 1126954, at * 2 (E.D. Pa. May 12, 2005) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 291-92 (1938)). "Thus, events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." 303 U.S. at 293.

Plaintiffs contend that their Offer of Judgment for $74,999.00 "established an amount in controversy less than the $75,000.00 jurisdictional limitation of this court" and that "[n]o other claim to establish the jurisdiction in the Federal Court has been advanced by the defendant." (Certification of Maurice J. Donovan ¶ 5). Plaintiffs argue that "defendant's sole appraisal of the amount in controversy was a pro forma Demand for Damages received from plaintiff which initially demanded damages in the amount of $1,000,000.00." (Id. at ¶ 4).

In Rahwar v. Nootz, 863 F. Supp. 191 (D.N.J. 1994), the plaintiff presented a similar argument. In that case, the question was whether the plaintiff's statement of damages letter setting forth $500,000.00 in damages may establish the amount in controversy for the purposes of removal. Id. at 191. Plaintiff argued that statement of damages letter was not binding, was not

4

filed with the court, and was "mere correspondence" between the parties.  Id.  The court disagreed, holding that "[t]he statement of damages is part of the record of this case and properly may be relied on by the parties and the Court to determine the amount in controversy."  Id.

Here, the Complaint fails to state the amount in controversy, and the action was therefore not removable at the time it was received by Home Depot.  Upon receipt of Plaintiffs' Statement of Damages in the amount of $1,000,000.00, Defendants properly filed a notice of removal to this court pursuant to 28 U.S.C. § 1446(b).  Plaintiffs' subsequent Offer of Judgment for $74,999.00 does not deprive the court of jurisdiction.  As the court in the Rahwar stated, "the Court cannot allow the plaintiff to claim he has suffered $500,000 in damages in order to raise the stakes in the litigation and then claim he has suffered less than $50,000 in damages in order to defeat federal jurisdiction."  Id.  Similarly, this court will not allow such gamesmanship.

### III. CONCLUSION

For the reasons set forth above, Plaintiffs' motion to remand the action to the Superior Court of New Jersey will be denied.  The court will enter an order implementing this opinion.

/s/ Dickinson R. Debevoise
DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated:        April 23, 2007